**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco Javier VALENCIA–GUIL-**
**LEN, a.k.a. Francisco Javier Valencia,**
**a.k.a. Francisco Valencia–Guillen, De-**
**fendant–Appellant.**

**No. 14–10461**

United States Court of Appeals,
Ninth Circuit.

Submitted May 24, 2016 *

FILED May 31, 2016

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Erica Leigh Seger, Assistant U.S. Attorney, USTU—Office of the US Attorney, Tucson, AZ, for Plaintiff–Appellee.

Francisco Leon, Esquire, Attorney, Law Office of Francisco Leon, Tucson, AZ, for Defendant–Appellant.

Before: REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

## MEMORANDUM **

Francisco Javier Valencia–Guillen appeals from the district court's judgment and challenges the 48–month sentence imposed following his guilty-plea conviction for conspiracy to transport and harbor illegal aliens for profit, and harboring illegal aliens for profit, in violation of 8 U.S.C. § 1324(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Valencia–Guillen contends that the district court erred by (1) failing to resolve his objections to the presentence report, in violation of Federal Rule of Criminal Procedure 32(i)(3)(B); (2) relying on hearsay statements contained in law enforcement reports; and (3) applying the preponderance of the evidence standard when imposing contested sentencing enhancements. We review for plain error, *see United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013), and find none. The court satisfied Rule 32 by explicitly overruling all of Valencia–Guillen's objections and adopting the reasoning contained in the government's response and the addendum

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

926

to the presentence report. *See United States v. Doe*, 488 F.3d 1154, 1158–59 (9th Cir. 2007). Moreover, the hearsay statements made by codefendants and witnesses were consistent, providing the minimal indicia of reliability necessary to allow their consideration at sentencing. *See United States v. Berry*, 258 F.3d 971, 976–77 (9th Cir. 2001). Finally, even assuming Valencia–Guillen is correct that the facts underlying the contested enhancements should have been proved by clear and convincing evidence, that standard was met here.

Valencia–Guillen's motion to take judicial notice of his plea agreement in his New Mexico case is granted.

**AFFIRMED.**